IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GARY I. STUART, JR.,[1] | § | |
| | § | |
| Respondent Below-Appellant, | § | No. 464, 2017 |
| | § | |
| | § | |
| v. | § | Court Below—Family Court |
| | § | of the State of Delaware |
| OLIVIA STUART, | § | |
| | § | File No. CK15-02155 |
| Petitioner Below-Appellee. | § | Petition No. 16-00075 |
| | § | |

Submitted: June 8, 2018
Decided: August 1, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

# **O R D E R**

Upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     In this appeal from a child custody order, the appellant, Gary I. Stuart, Jr. ("Father"), contends that the Family Court judge was biased against Father, that the judge violated Father's constitutional rights by relying upon false testimony presented by a psychologist who performed a custody evaluation, and that the judge erred by considering evidence of a PFA against Father while he was still in the process of challenging the PFA in the United States Supreme Court.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) Our review of an appeal from a custody decision extends to both the facts and the law, as well as to the inferences and deductions made by the Family Court after considering the weight and credibility of the testimony.[2] To the extent the Family Court's decision implicates rulings of law, our review is de novo.[3] Findings of fact will not be disturbed unless they are found to be clearly erroneous and justice requires that they be overturned.[4] The judgment below will be affirmed "when the inferences and deductions upon which [the decision] is based are supported by the record and are the product of an orderly and logical deductive process."[5]

(3) Under Delaware law, the Family Court is required to determine legal custody and residential arrangements for a child in accordance with the best interests of the child.[6] The October 9, 2017 order reflects that the Family Court carefully reviewed all of the best interest factors under 13 *Del. C.* § 722. To the extent that Father challenges the credibility of the witnesses and evidence upon which the Family Court's custody decision rested, we find no abuse of the Family Court's discretion. Father's contention that the Family Court was biased against him because it relied upon perjured testimony has no basis in fact. Under the

---

[2] *Devon v. Mundy*, 906 A.2d 750, 752 (Del. 2006).
[3] *Id.* (citing *In re Heller*, 669 A.2d 25, 29 (Del. 1995)).
[4] *Id.* (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).
[5] *Id.* at 752-53.
[6] 13 *Del. C.* § 722.

circumstances, we defer to the Family Court's factual findings and its credibility determinations. It is apparent from its opinion that the Family Court reviewed the evidence, made factual findings, and applied the correct legal standard in determining that it was in the children's best interest that Mother should have custody of the children.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice